UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

NITIN AGRAWAL and )
APURVA BHATWAL, )
                                                )
             **Plaintiffs,** )
                                                )
v. )   Case No. 06-CV-0617-CVE-PJC
                                                )
K-MAC ENTERPRISES, INC., )
                                                )
                                                )
             **Defendant.** )

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion for Summary Judgment (Dkt. # 13). Plaintiffs move for summary judgment on their claims for breach of contract, battery, negligence, manufacturers' products liability, breach of express warranty, and breach of implied warranty of fitness for a particular purpose.

Plaintiffs Nitin Agrawal ("Agrawal") and Apurva Bhatwal ("Bhatwal") allege that they are vegetarians and comply with strict dietary restrictions for religious purposes. They state they are careful to order vegetarian items at restaurants. On March 12, 2006, Agrawal and Bhatwal went to a Taco Bell restaurant in Tulsa, Oklahoma, and allegedly ordered a "vegetarian" Mexican pizza.[1] Plaintiffs began to eat the Mexican pizza, but realized after they began eating that the food contained beef. They claim that they felt "emotionally sick as a result, and did not eat for the remainder of the

---

[1] Taco Bell does not have a "vegetarian" Mexican pizza on its menu. The menu description of a Mexican pizza shows that the item contains the following ingredients: "Two crisp pizza shells filled with seasoned ground beef, hearty beans and then topped with pizza sauce, a blend of three cheeses . . . and topped with diced ripe tomatoes." Dkt. # 15, Ex. 1, at 1. Plaintiffs ordered a Mexican pizza, but asked for the beef to be withheld.

day or night." Dkt. # 14, at 1. Bhatwal voluntarily induced vomiting to cleanse her system of any meat, and both plaintiffs claim that they suffered severe emotional distress as a result of this incident.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

Plaintiffs have not submitted any evidence with their motion for summary judgment, nor have plaintiffs complied with local rules of civil procedure. The plain language of Rule 56 requires the moving party to submit "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." See Serna v. Colorado Dept. of Corrections, 455 F.3d 1146 (10th Cir. 2006) ("the plaintiff cannot rest on the pleadings at this point, but must set forth specific facts by reference to affidavits, deposition transcripts, or the exhibits to support the claim"). In addition, LCvR 56.1

requires that the brief in support of a motion for summary judgment begin with a "concise statement of material facts to which the moving party contends no genuine issue of fact exists," and these facts must supported by specific references to evidence. Plaintiffs' motion does not contain a statement of undisputed facts. Plaintiffs have not provided any evidence in support of their motion for summary judgment and, on a plaintiff's motion for summary judgment, they bear the burden to prove each element of their claims for relief. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Murray v. City of Tahlequah, Oklahoma, 312 F.3d 1196, 1200 (10th Cir. 2002); Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002).

The Court finds that plaintiffs' motion for summary judgment must be denied, because plaintiffs have not satisfied their initial burden to produce evidence. Defendant's response raises numerous factual issues that can not be resolved without reference to the evidence, and it would be premature for the Court to consider those issues without a complete summary judgment record.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Summary Judgment (Dkt. # 13) is **denied**.

**DATED** this 9th day of February, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT